**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Civil Action No.: 1:25-cv-00096-CCE-JLW**

| | |
|---|---|
| MICHAEL WAMBOLD and ROBERT GUPTILL, On Behalf of Themselves and All Others Similarly Situated,<br><br>*Plaintiffs*,<br>v.<br><br>RTA MEDIA HOLDINGS, LLC D/B/A RACING AMERICA,<br><br>*Defendant*. | **DEFENDANT RTA MEDIA HOLDINGS, LLC'S MOTION TO DISMISS CLASS ACTION ALLEGATIONS PURSUANT TO FRCP 12(b)(6), 12(f) AND/OR 23(c)(1)(A)**<br><br>**ORAL ARGUMENT REQUESTED PURSUANT TO L.R. 7.3(c)(1)** |

Defendant RTA Media Holdings, LLC d/b/a Racing America ("RTA Media") files this Motion to Dismiss Class Action Allegations Pursuant Rules 12(b)(6), 12(f) and/or 23(c)(1)(A) of the Federal Rules of Civil Procedure (the "Motion") asserted in Plaintiffs Michael Wambold ("Wambold") and Robert Guptill's ("Guptill" and collectively referred to herein with Wambold as the "Plaintiffs") Class Action Complaint filed on February 7, 2025 (the "Complaint"). (ECF No. 1.)

## I. EVIDENCE RELIED ON IN SUPPORT OF RTA MEDIA'S MOTION

In support of this Motion, RTA Media relies upon the following: (1) the Complaint (ECF No. 1); (2) RTA Media's Opening Brief in Support of Motion to Dismiss Class Action Allegations Pursuant to 12(b)(6), 12(f) and/or 23(c)(1)(A) (the "Opening Brief") submitted in compliance with LR 7-2; and (3) the Declaration of Colin Smith in Support of Defendant RTA's Motion to Dismiss Class Action Allegations Pursuant to FRCP 12(b)(6), 12(f) and/or 23(c)(1)(A) (the "Smith Declaration").

The Smith Declaration is presented to the Court for submission of RTA Media's Terms of Service Agreement, which was, and is, required to be agreed to by subscribers, such as Plaintiffs, to its video content platform located at www.racingamerica.tv (the "Website"). Submission of the Smith Declaration in support of the Motion is appropriate because Plaintiffs' Complaint alleges that RTA's Website does not disclose, inform, seek consent from subscribers as part of the subscription enrollment process, which necessarily places at issue, at least, the company's Terms of Service Agreement. (ECF No. 1 ¶¶ 9-11.) Moreover, Plaintiffs' Complaint specifically avers that Plaintiffs are current subscribers to the Website and that they did not consent to certain disclosures of alleged personally identifiable information during or after the subscription registration process, which necessarily implicates their agreement to, at least, RTA Media's Terms of Service Agreement. (*Id.* ¶¶ 27-28.) Accordingly, RTA Media's Terms of Service Agreement, while not attached to the Complaint, is integral to the viability of the allegations set forth therein and the Smith Declaration establishes its authenticity – particularly given that Plaintiffs are current subscribers of RTA Media's Website. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir. 2011); *Blankenship v. Manchin,* 471 F.3d 523, 526 n.1 (4th Cir. 2006); *Phillips v. LCI Int'l, Inc.,* 190 F.3d 609, 618 (4th Cir. 1999).

## II. GROUNDS SUPPORTING RTA MEDIA'S MOTION

As set forth more fully in RTA Media's Opening Brief, dismissal of Plaintiffs' class action allegations alleged in their Complaint is warranted under Rules 12(b)(6), 12(f) and/or 23(c)(1)(A) because:

(1) Plaintiffs assert they are current subscribers of RTA Media's Website, which RTA Media has confirmed through a review of their subscription and/or pay-per-view transaction histories associated with email accounts provided by them in this action;

(2) Plaintiffs were required to accept RTA Media's Terms of Service Agreement as a required element of subscribing to and/or accessing pay-per-view content on the company's Website;

(3) Plaintiffs could not access subscription or pay-per-view content on RTA Media's Website without agreeing to the company's Terms of Service Agreement;

(4) Continued subscription to the Website, which both Plaintiffs have been confirmed to be current subscribers, constitutes an acceptance of all amendments or modifications to RTA Media's Terms of Service Agreement;

(5) RTA Media's Terms of Service Agreement unquestionably contains a class action waiver provision, which Plaintiffs have agreed to as part of their subscription to the Website;

(6) Class action waivers are enforceable under controlling precedent. *See Maldini v. Marriott Int'l, Inc.,* 2025 U.S. App. LEXIS 13492, at *3 (4th Cir. June 5, 2025) ("*Marriott II"*);

(7) Given that Plaintiffs have waived their rights to assert class action relief by agreeing to RTA Media's Terms of Service Agreement, their class action

allegations cannot be viably asserted, thereby making said allegations proper for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure;

(8) Given that Plaintiffs have waived their rights to assert class action relief by agreeing to RTA Media's Terms of Service Agreement, their class action allegations alleged in the Complaint must be stricken as "impertinent, or scandalous matter" under Rule 12(f) of the Federal Rules of Civil Procedure; and/or

(9) Given that Plaintiffs have waived their rights to assert class action relief by agreeing to RTA Media's Terms of Service Agreement, they are precluded from seeking class action certification Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure.

(10) Pursuant to LR 7.3(c)(1), counsel for RTA Media submits that special considerations related to the company's Motion warrants adjudication of the relief sought following oral argument – particularly in view of the possible application of the recent decision issued in *Marriott II*.

## III. RELIEF SOUGHT THROUGH RTA MEDIA'S MOTION

Through its Motion, RTA Media seeks dismissal of Plaintiffs' class action allegations set forth in their Complaint. (ECF No. 1 ¶¶ 199-212). RTA Media's request to dismiss and/or strike Plaintiffs' class action allegations set forth in their Complaint is brought pursuant to Rules 12(b)(6), 12(f) and/or 23(c)(1)(A) of the Federal Rules of Civil Procedure, each of which authorize granting the relief requested in the company's Motion.

WHEREFORE, RTA Media respectfully requests the Court grant its request to dismiss Plaintiffs' class action allegations set forth in the Complaint and as supported by its Motion and the company's Opening Brief.

This 30th day of June 2025.

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**

/s/ Spencer H. Hoisington
Spencer H. Hoisington
N.C. State Bar No. 43481
227 W. Trade St., Ste. 300
Charlotte, North Carolina 28202
Telephone: (704) 302-1289
Spencer.Hoisington@wilsonelser.com
*Attorney for Defendant RTA Media Holdings, LLC d/b/a Racing America*

/s/ Chanda L. McClain
Chanda L. McClain
N.C. State Bar No. 56537
227 W. Trade St., Ste. 300
Charlotte, North Carolina 28202
Telephone: (704) 302-1289
chanda.mcclain@wilsonelser.com
*Attorney for Defendant RTA Media Holdings, LLC d/b/a Racing America*

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was electronically filed using the Court's electronic filing system which will electronically serve the following counsel of record:

David M. Wilkerson
Wilkerson Justus PLLC
PO Box 54
Asheville, NC 28802
*dwilkerson@wilkersonjustus.com*

Mark S. Reich
Levi & Korsinsky, LLP
33 Whitehall Street, Floor 17
New York, NY 10004
*mreich@zlk.com*

In addition, I served the following counsel, who have not yet appeared in this action, via electronic mail on the same day:

Gary S. Ishimoto
Alyssa Tolentino
Levi & Korsinsky, LLP
33 Whitehall Street, Floor 17
New York, NY 10004
*gishimoto@zlk.com*
*atolentino@zlk.com*

This the 30th day of June 2025.

/s/ Spencer H. Hoisington
Spencer H. Hoisington