IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL WAMBOLD and ROBERT GUPTILL, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RTA MEDIA HOLDINGS, LLC d/b/a RACING AMERICA,<br><br>Defendant. | Case No. 1:25-cv-96<br><br>**DECLARATION OF MARK S. REICH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

**DECLARATION OF MARK S. REICH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I, Mark S. Reich, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Levi & Korsinsky, LLP, and counsel of record for Plaintiffs in this Action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss Class Action Allegations.

3. Attached hereto as **Exhibit 1** is Racing America's Terms of Service Agreement, last updated September 1, 2022 (the "2022 TOS").

***Relevant Background***

4. Plaintiffs' Counsel reviewed the terms of the 2022 TOS while investigating Plaintiffs' claims.

5. On December 31, 2024, Plaintiffs' Counsel sent Defendant a pre-suit notice and demand letter on behalf of Plaintiff Wambold regarding the privacy violations alleged

in the Complaint (the “Demand Letter”).

6. Because the 2022 TOS included Vimeo.com, Inc.’s (“Vimeo”) contact information and not Defendant’s, the Demand Letter was sent via USPS Certified Mail to the address listed in Racing America’s Privacy Policy: RTA Media Holdings, LLC Attn: General Counsel, PO Box 77268 Charlotte, NC 28271.

7. On February 7, 2025, after not receiving a response on the Demand Letter for over one month, Plaintiffs Michael Wambold and Robert Guptill filed their Class Action Complaint against Defendant RTA Media Holdings, LLC d/b/a Racing America. ECF No. 1.

8. On February 11, 2025, Plaintiffs’ Counsel received the Demand Letter returned unclaimed.

9. Defendant was properly served on April 16, 2025. *See* ECF No. 5.

10. On May 5, 2025, Defendant filed its first Consent Motion for Extension of Time to File Answer, which Plaintiffs consented to via email. ECF No. 7. The Court granted the extension that same day, further ordering that “before filing any motion to dismiss, defense counsel shall initiate a meet-and-confer with plaintiffs’ counsel about the basis of any such anticipated motion and whether disputed issues can be resolved or narrowed by an amended complaint[.]” Text Order, ECF No. [May 5, 2025].

11. On June 2, 2025, Defendant filed its second Consent Motion for Extension of Time to File Answer, which again, Plaintiffs consented to via email. ECF No. 14. The Court granted the extension the next day, likewise ordering that Defense Counsel initiate a

meet-and-confer with Plaintiffs' Counsel before the filing of a motion to dismiss. Text Order, ECF No. [June 3, 2025].

12. On June 18, 2025, David Wilkerson, counsel for Plaintiffs, received a call from Spencer Hoisington, counsel for Defendant. Defendant requested Plaintiffs' email addresses associated with their Website subscriptions. Plaintiffs provided these email addresses in good faith on June 19, 2025, via email.

13. On June 20, 2025, Defendant filed its third and final Consent Motion for Extension of Time to File Answer, which Plaintiffs consented to via email once more. ECF No. 15. The Court granted the motion on June 24, 2025, extending Defendant's deadline to June 30, 2025. Text Order, ECF No. [June 24, 2025].

14. At around 1:30 PM ET on June 30, 2025, Plaintiffs' Counsel received an email from Defendant's Counsel notifying Plaintiffs' Counsel that Defendant was filing a Motion to Dismiss. The email stated, "Please allow this email to serve as initiation of [the Court-ordered] meet-and-confer." Defendant subsequently filed its Motion to Dismiss with a Statement of Compliance with the Court's order approximately six hours after Plaintiffs' Counsel received Defendant's email. ECF Nos. 17-19.

***The Website's Terms of Service***

15. Central to Defendant's Motion to Dismiss is Plaintiffs' purported assent to the class action waiver in Racing America's Terms of Service, attached as Exhibit A to the Smith Declaration. These Terms of Service ("TOS") that Defendant directs the Court to were last updated April 2025 (the "2025 TOS")—two months after the filing of the Complaint and the same month Defendant was served.

16. The Smith Declaration does nothing to authenticate that the 2025 TOS are the version that Plaintiffs ever saw, let alone agreed to.

17. The 2025 TOS contain several differences from the 2022 TOS—which Plaintiffs were far more likely to have encountered given the timing of their allegations—relating to the substance and presentment of the terms.

18. ***First***, the 2022 TOS is titled the "Vimeo Terms of Service" and states that the agreement is between users and Vimeo.com, Inc. Ex. 1 at 1. There is no mention of RTA Media Holdings, LLC anywhere in the 2022 TOS.

19. The 2025 TOS, on the other hand, is titled the "RacingAmerica.TV Terms of Service" and states that the agreement is between users Defendant, RTA Media Holdings, LLC. Smith Decl., Ex. A at 1.

20. ***Second***, the 2025 TOS includes in the preamble a notice of the arbitration agreement and class action and jury trial waivers in all caps and directs users, in bold font, to read the notice carefully. Smith Decl., Ex. A at 1. The notice concludes by directing users to cease use of the Website if they do not agree to these terms. *Id.*

21. The similar preambulatory notice in the 2022 TOS contains less information than that of the 2025 TOS, and only includes "ARBITRATION AGREEMENT" in all caps. Ex. 1 at 1.

22. ***Third***, Section 11.1 of the 2022 TOS dictates that any disputes relating to the TOS or use of the Website will be governed by New York law. Ex. 1 at 7.

23. Section 10.1 of the 2025 TOS provides for North Carolina law to govern. Smith Decl., Ex. A at 5.

24. ***Last***, the 2022 TOS directs users to send any notices of a legal nature to legal@vimeo.com or at Vimeo.com, Inc. Attention: Legal Department, 330 West 34th Street, 5th Floor, New York, NY 10001. Ex. 1 at 9.

25. The 2025 TOS directs users to send any notices of a legal nature to emccarty@racingamerica.com, support@racingamerica.com, and to RTA Media Holdings, LLC, Attn: PO Box 77268, Charlotte, NC 28271. Smith Decl., Ex. A at 9.

26. The question of which TOS apply, if any, to Plaintiffs is a fact-intensive inquiry, dependent on when Plaintiffs subscribed and/or purchased video content. Indeed, Plaintiff Wambold informed his Counsel that he does not recall any class action waiver in all caps when he first subscribed to the Website. Plaintiff Guptill attests that he did not see the TOS at all when he first subscribed to the Website.

27. Had Defendant engaged with Plaintiffs pre-suit and/or pre-filing of the Motion to Dismiss, the Parties could have discussed the discrepancies Defendant claims in Plaintiffs' subscription dates and the issues Plaintiffs find in Defendant's TOS rather than air these arguments out over motion practice.

28. At this juncture, it remains disputed which TOS Plaintiffs saw, whether Plaintiffs gave meaningful consent to those TOS, and whether the class action waiver in those TOS is enforceable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 21, 2025 By: *<u>/s/ David M. Wilkerson</u>*

David M. Wilkerson

David M. Wilkerson
NC State Bar No. 35742
**Wilkerson Justus PLLC**
P.O. Box 54
Asheville, NC 28802
(828) 316-6902
dwilkerson@wilkersonjustus.com

Mark S. Reich (*pro hac vice*)
Gary S. Ishimoto*
Christopher DeVivo*
Alyssa Tolentino*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, Floor 27
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: gishimoto@zlk.com
Email: cdevivo@zlk.com
Email: atolentino@zlk.com

*Counsel for Plaintiffs*

**pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I, David M. Wilkerson hereby certify that on July 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 21st day of July, 2025

By: *<u>/s/ David M. Wilkerson</u>*