IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL WAMBOLD and ROBERT GUPTILL, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:25-CV-96 |
| RTA MEDIA HOLDINGS, LLC D/B/A RACING AMERICA, | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

The defendant moves to dismiss the complaint to the extent the plaintiffs seek to proceed on behalf of a putative class, contending that the plaintiffs and all putative class members have contractually waived their right to pursue class relief. The motion will be denied. But the Court will impose a schedule to allow the parties to efficiently develop the record needed for resolution of the waiver issue.

First, the defendant did not comply with the court orders requiring it to meet and confer with the plaintiff before filing a motion to dismiss, imposed as a condition of granting an extension of time. *See* Text Orders 5/5/25, 6/3/25. Sending an email a few hours before filing the motion to dismiss violates the orders. The defendant's contention that it meets the "spirit" of the order is disingenuous and unpersuasive. And in the face of a court order, the defendant does not get to decide unilaterally that the meet-and-confer would be unproductive. The Court expects better from counsel.

Second, the motion is premature. The Court appreciates that the defendant's evidence would support a finding that there is an applicable class action waiver. But the defendant needed several extensions of time to investigate the factual basis for the motion, *see, e.g.,* Doc. 23-2 ¶ 6, and the plaintiffs have had no opportunity to do the same. It seems likely that the evidence is almost completely in the hands of the defendant. *Cf.* Doc. 21 ¶ 26 (assertions by counsel as to plaintiffs' knowledge).

Counsel are reminded that rhetorical flourishes in briefs are not helpful. For example, accusations about "muddl[ing] the clarity" of defendant's arguments are little more than opinions of counsel, not substantive rebuttals to legal or factual arguments.

The Court read the declaration under oath at Doc. 21. Much of this declaration recites facts shown on the docket and makes legal argument. *See, e.g.,* Doc. 21 ¶ 15-25. Those are matters appropriate for a brief, not a declaration. The Court will not strike the declaration, because it does contain some evidentiary material, *see, e.g.,* Doc. 21 ¶ 12-14, and it does not appear that the declaration was used to avoid the word limits for the brief in opposition. Counsel are advised that declarations of counsel that contain excessive recitation of factual matters otherwise of record and legal argument are subject to being stricken in the future.

Resolution of issues related to the existence of a valid class action waiver should be resolved early in the case. The Court will impose a schedule for that purpose.

In its discretion and pursuant to its inherent authority to manage its docket, it is **ORDERED** that the defendant's motion to dismiss class action allegations, Doc. 17, is **DENIED** without prejudice **AND:**

1. Defendant **SHALL** file its Answer no later than October 10, 2025.
2. The parties **SHALL** serve initial pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than October 14, 2025, limited to the plaintiffs' individual claims and the class waiver issue and **SHALL** thereafter supplement those disclosures as to all other issues on a schedule directed by the Magistrate Judge in the initial pretrial scheduling order.
3. Any written discovery directed to the class action waiver **SHALL** be reasonable in number, served no later than October 14, 2025, and answered within 30 days. The parties **SHALL** meet and confer about whether depositions on this issue will be helpful and **SHALL** include this topic in their Rule 26(f) report. Any depositions related to the class action waiver **SHALL** be completed by December 31, 2025. Counsel's attention is directed to LR 26.1(b)(1).
4. The case is referred to the Magistrate Judge for an initial pretrial scheduling conference and order. The Magistrate Judge can address with the parties the best way for issues related to the alleged class action waiver to be presented for resolution, along with all other scheduling issues. *See generally* LR 16.1, 23.1(b).

This the 23rd day of September, 2025.

UNITED STATES DISTRICT JUDGE