**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MICHAEL WAMBOLD and ROBERT GUPTILL, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RTA MEDIA HOLDINGS, LLC d/b/a RACING AMERICA,<br><br>Defendant. | Case No.: 1:25-cv-96<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Defendant, RTA Media Holdings, LLC d/b/a Racing America ("RTA"), by and through counsel, hereby submits its Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint (the "Complaint") and states as follows:

**FIRST DEFENSE**
**(Answer to Complaint)**

Responding to the unnumbered paragraph on Page 1 of the Complaint, RTA admits it owns and manages https://www.racingamerica.tv/ (the "Website"). RTA denies the remaining allegations in the unnumbered paragraph.

NATURE OF THE ACTION

1. RTA admits the Complaint purports to bring a class action on behalf of all persons who subscribed to the Website and subsequently watched pre-recorded video content on the Website. Except as admitted, denied.

2. RTA admits the allegations contained in Paragraph 2.

3. RTA admits a monthly subscription to the Website cost $14.99 USD on January 8, 2025. Defendant RTA also admits a yearly subscription to the Website cost $109.99 USD on January 8, 2025. Except as admitted, denied.

4. RTA admits a subscription to the Website unlocks access to content that is not available to non-subscribers. Except as admitted, denied.

5. RTA admits the Website provides live and pre-recorded video content. Except as admitted, denied.

6. RTA admits the allegations contained in Paragraph 6.

7. RTA admits it used Vimeo's "over the top" ("OTT") platform. RTA lacks sufficient information as to the truth of the remaining allegations in Paragraph 7; therefore, the remaining allegations in Paragraph 7 are denied.

8. RTA denies the allegations contained in Paragraph 8.

9. RTA denies the allegations contained in Paragraph 9.

10. RTA denies the allegations contained in Paragraph 10.

11. RTA denies the allegations contained in Paragraph 11.

*Video Privacy Violations*

12. RTA lacks sufficient information as to the truth of the allegations in Paragraph 12; therefore, the allegations in Paragraph 12 are denied.

13. RTA lacks sufficient information as to the truth of the allegations in Paragraph 12; therefore, the allegations in Paragraph 12 are denied.

14. RTA asserts the allegations in Paragraph 14 purport to summarize the 18 U.S.C. § 2710 generally and 18 USC §§ 2710(a)(4) and 2710(b)(2)(D)(II) specifically. To the extent the language in these statutes is inconsistent with the representations in Paragraph 14, the allegations

are denied. RTA lacks sufficient information as to the truth of the allegations concerning the significance of Congress enacting and endorsing the VPPA; therefore, those allegations are also denied.

15. RTA lacks sufficient information as to the truth of the allegations in Paragraph 15; therefore, the allegations in Paragraph 15 are denied.

16. RTA denies the allegations contained in Paragraph 16.

17. RTA denies the allegations contained in Paragraph 17.

18. RTA denies the allegations contained in Paragraph 18.

19. RTA denies the allegations contained in Paragraph 19.

*Wiretap Violations*

20. RTA lacks sufficient information as to the truth of the allegations in Paragraph 20; therefore, the allegations in Paragraph 20 are denied.

21. RTA admits the allegations contained in Paragraph 21.

22. RTA asserts the allegations in Paragraph 47 purport to summarize the holding in the case identified therein. To the extent the holding in that case is inconsistent with the representations in Paragraph 22, the allegations are denied.

23. RTA denies the allegations contained in Paragraph 23.

24. RTA lacks sufficient information as to the truth of the allegations in Paragraph 24; therefore, the allegations in Paragraph 24 are denied.

25. RTA denies the allegations contained in Paragraph 25.

26. RTA admits the Complaint purports to bring a class action on behalf of all persons who subscribed to the Website and subsequently watched pre-recorded video content on

the Website for alleged violations of the VPPA, the Federal Wiretap Act, and the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"). Except as admitted, denied.

PARTIES

27. RTA denies Michael Wambold ("Wambold") did not consent, agree, authorize, or otherwise permit RTA to disclose his information to third parties. RTA also denies it did not provide Wambold notice that such information could be shared with third parties or a means of opting out of such disclosures. RTA denies it disclosed Wambold's information to third parties. RTA also denies it violated the VPPA, the Federal Wiretap Act, or WESCA. RTA lacks sufficient information as to the truth of the remaining allegations in Paragraph 27; therefore the remaining allegations in Paragraph 27 are denied.

28. RTA denies Robert Guptill ("Guptill") did not consent, agree, authorize, or otherwise permit RTA to disclose his information to third parties. RTA also denies it did not provide Guptill notice that such information could be shared with third parties or a means of opting out of such disclosures. RTA denies it disclosed Guptill's information to third parties. RTA also denies it violated the VPPA, the Federal Wiretap Act, or WESCA. RTA lacks sufficient information as to the truth of the remaining allegations in Paragraph 28; therefore the remaining allegations in Paragraph 28 are denied.

29. RTA admits it is a media company incorporated in Delaware with a principal office in Charlotte, North Carolina. RTA also admits that owns and manages the Website. Except as admitted, denied.

JURISDICTION AND VENUE

30. RTA asserts the allegations contained in Paragraph 30 state a legal conclusion to which no response is required; therefore, the allegations contained in Paragraph 30 are denied.

31. RTA asserts the allegations contained in Paragraph 31 state a legal conclusion to which no response is required; therefore, the allegations contained in Paragraph 31 are denied.

32. RTA asserts the allegations contained in Paragraph 32 state a legal conclusion to which no response is required; therefore, the allegations contained in Paragraph 32 are denied.

## COMMON FACTUAL ALLEGATIONS

### I. Legislative Background

#### A. The Video Protection Privacy Act

33. RTA lacks sufficient information as to the truth of the allegations in Paragraph 33; therefore, the allegations in Paragraph 33 are denied.

34. RTA lacks sufficient information as to the truth of the allegations in Paragraph 34; therefore, the allegations in Paragraph 34 are denied.

35. RTA lacks sufficient information as to the truth of the allegations in Paragraph 35; therefore, the allegations in Paragraph 35 are denied.

36. RTA lacks sufficient information as to the truth of the allegations in Paragraph 36; therefore, the allegations in Paragraph 36 are denied.

37. RTA lacks sufficient information as to the truth of the allegations in Paragraph 37; therefore, the allegations in Paragraph 37 are denied.

38. RTA asserts the allegations in Paragraph 38 purport to summarize the purpose of the VPPA and the damages allowable under the VPPA. To the extent the language in these statutes is inconsistent with the representations in Paragraph 38, the allegations are denied.

39. RTA lacks sufficient information as to the truth of the allegations in Paragraph 39; therefore, the allegations in Paragraph 39 are denied.

40. RTA lacks sufficient information as to the truth of the allegations in Paragraph 40; therefore, the allegations in Paragraph 40 are denied.

41. RTA lacks sufficient information as to the truth of the allegations in Paragraph 41; therefore, the allegations in Paragraph 41 are denied.

42. RTA lacks sufficient information as to the truth of the allegations in Paragraph 42; therefore, the allegations in Paragraph 42 are denied.

43. RTA asserts the allegations in Paragraph 43 purport to summarize the 18 U.S.C. § 2710(b)(1). To the extent the language in the statute is inconsistent with the representations in Paragraph 43, the allegations are denied.

44. RTA lacks sufficient information as to the truth of the allegations in Paragraph 44; therefore, the allegations in Paragraph 44 are denied.

45. RTA asserts the allegations in Paragraph 45 purport to summarize the 18 U.S.C. § 2710(a)(3). To the extent the language in the statute is inconsistent with the representations in Paragraph 45, the allegations are denied.

46. RTA asserts the allegations in Paragraph 14 purport to summarize the 18 U.S.C. § 2710(a)(4). To the extent the language in these statutes is inconsistent with the representations in Paragraph 46, the allegations are denied.

47. RTA asserts the allegations in Paragraph 47 purport to summarize the holding in the case identified therein. To the extent the holding in that case is inconsistent with the representations in Paragraph 47, the allegations are denied.

48. RTA asserts the allegations in Paragraph 48 purport to summarize the 18 U.S.C. § 2710(a)(1). To the extent the language in the statute is inconsistent with the representations in Paragraph 48, the allegations are denied.

49. RTA asserts the allegations in Paragraph 49 purport to summarize the holding in the case identified therein. To the extent the holding in that case is inconsistent with the representations in Paragraph 49, the allegations are denied.

50. RTA admits it provided pre-recorded audio-visual materials on the Website. Except as admitted, denied.

51. RTA lacks sufficient information as to the truth of the allegations in Paragraph 50; therefore, the allegations in Paragraph 50 are denied.

52. RTA denies the allegations contained in Paragraph 52.

B. The Federal Wiretap Act

53. RTA lacks sufficient information as to the truth of the allegations in Paragraph 53; therefore, the allegations in Paragraph 53 are denied.

54. RTA lacks sufficient information as to the truth of the allegations in Paragraph 54; therefore, the allegations in Paragraph 54 are denied.

55. RTA asserts the allegations in Paragraph 55 purport to summarize the holding in the case identified therein. To the extent the holding in that case is inconsistent with the representations in Paragraph 55, the allegations are denied.

56. RTA asserts the allegations in Paragraph 56 purport to summarize the Federal Wiretap Act and the Electronic Communications Privacy Act ("ECPA"). To the extent the language in these statutes is inconsistent with the representations in Paragraph 56, the allegations are denied.

57. RTA asserts the allegations in Paragraph 57 purport to summarize the ECPA, including 18. U.S.C. §2511(2)(d). To the extent the language in these statutes is inconsistent with the representations in Paragraph 57, the allegations are denied.

58. RTA denies the allegations contained in Paragraph 58.

59. RTA denies the allegations contained in Paragraph 59.

60. RTA denies the allegations contained in Paragraph 60.

C. The Pennsylvania Wiretapping and Electronic Surveillance Control Act

61. RTA asserts the allegations in Paragraph 61 purport to summarize the holding in the case identified therein. To the extent the holding in that case is inconsistent with the representations in Paragraph 61, the allegations are denied.

62. RTA asserts the allegations in Paragraph 62 purport to summarize the holding in the case identified therein. To the extent the holding in that case is inconsistent with the representations in Paragraph 62, the allegations are denied.

63. RTA asserts the allegations in Paragraph 63 purport to summarize WESCA, including 18 Pa. C.S. §5703(a). To the extent the language in these statutes is inconsistent with the representations in Paragraph 63, the allegations are denied.

64. RTA asserts the allegations in Paragraph 64 purport to summarize WESCA, including 18 Pa. C.S. §5702. To the extent the language in these statutes is inconsistent with the representations in Paragraph 64, the allegations are denied.

65. RTA asserts the allegations in Paragraph 65 purport to summarize WESCA, including 18 Pa. C.S. §5702. To the extent the language in these statutes is inconsistent with the representations in Paragraph 65, the allegations are denied.

66. RTA asserts the allegations in Paragraph 66 purport to summarize the damages available under WESCA. To the extent the language in the statute is inconsistent with the representations in Paragraph 66, the allegations are denied.

67. RTA asserts the allegations in Paragraph 67 purport to summarize WESCA. To the extent the language in the statute is inconsistent with the representations in Paragraph 67, the allegations are denied.

68. RTA denies the allegations in Paragraph 68.

69. RTA denies the allegations contained in Paragraph 69.

70. RTA denies the allegations contained in Paragraph 70.

71. RTA denies the allegations contained in Paragraph 71.

72. RTA denies the allegations contained in Paragraph 72.

II. Defendant Controls the Website

A. Racing America Owns and Manages the Website

73. RTA admits the allegation contained in Paragraph 73.

74. RTA admits the allegation contained in Paragraph 74.

75. RTA asserts the allegations in Paragraph 75 purport to summarize its privacy policy on January 8, 2025. To the extent the privacy policy is inconsistent with the representations in Paragraph 75, the allegations are denied.

76. RTA asserts the allegations in Paragraph 76 purport to summarize its privacy policy on January 8, 2025. To the extent the privacy policy is inconsistent with the representations in Paragraph 76, the allegations are denied.

B. Racing America Manages the Relevant Portions of the Website

77. RTA admits the allegations contained in Paragraph 77.

78. RTA admits the allegations contained in Paragraph 78.

79. RTA lacks sufficient information as to the truth of the allegations in Paragraph 79; therefore, the allegations in Paragraph 79 are denied.

80. RTA lacks sufficient information as to the truth of the allegations in Paragraph 80; therefore, the allegations in Paragraph 80 are denied.

81. RTA lacks sufficient information as to the truth of the allegations in Paragraph 81; therefore, the allegations in Paragraph 81 are denied.

82. RTA lacks sufficient information as to the truth of the allegations in Paragraph 82; therefore, the allegations in Paragraph 82 are denied.

83. RTA admits the allegations contained in Paragraph 83.

84. RTA admits the allegations contained in Paragraph 84.

85. RTA admits it added URLs to the Website. Except as admitted, denied.

86. RTA admits Vimeo gives OTT website owners the ability to add metadata to their videos. Except as admitted, denied.

87. RTA admits Vimeo gives OTT website owners the ability to add metadata to their videos. Except as admitted, denied.

88. RTA admits Vimeo gives OTT website owners the ability to add metadata to their videos. Except as admitted, denied.

89. RTA admits it added metadata to its videos. Except as admitted, denied.

90. RTA lacks sufficient information as to the truth of the allegations in Paragraph 90; therefore, the allegations in Paragraph 90 are denied.

91. RTA lacks sufficient information as to the truth of the allegations in Paragraph 91; therefore, the allegations in Paragraph 91 are denied.

92. RTA lacks sufficient information as to the truth of the allegations in Paragraph 92; therefore, the allegations in Paragraph 92 are denied.

93. RTA lacks sufficient information as to the truth of the allegations in Paragraph 93; therefore, the allegations in Paragraph 93 are denied.

94. RTA lacks sufficient information as to the truth of the allegations in Paragraph 94; therefore, the allegations in Paragraph 94 are denied.

95. RTA lacks sufficient information as to the truth of the allegations in Paragraph 95; therefore, the allegations in Paragraph 95 are denied.

96. RTA denies the allegations contained in Paragraph 96.

97. RTA admits the allegations contained in Paragraph 97.

98. RTA lacks sufficient information as to the truth of the allegations in Paragraph 98; therefore, the allegations in Paragraph 98 are denied.

99. RTA lacks sufficient information as to the truth of the allegations in Paragraph 99; therefore, the allegations in Paragraph 99 are denied.

100. RTA admits the allegations contained in Paragraph 100.

101. RTA lacks sufficient information as to the truth of the allegations in Paragraph 101; therefore, the allegations in Paragraph 101 are denied.

102. RTA denies the allegations contained in Paragraph 102.

## III. The Website and the Tracking Tools

103. RTA denies the allegations contained in Paragraph 103.

### A. The Facebook Pixel

104. RTA lacks sufficient information as to the truth of the allegations in Paragraph 104; therefore, the allegations in Paragraph 104 are denied.

105. RTA lacks sufficient information as to the truth of the allegations in Paragraph 105; therefore, the allegations in Paragraph 105 are denied.

106. RTA lacks sufficient information as to the truth of the allegations in Paragraph 106; therefore, the allegations in Paragraph 106 are denied.

107. RTA admits the Website contained Meta Inc's tracking pixel (the "Pixel"). Except as admitted, denied.

108. RTA denies the allegations contained in Paragraph 108.

109. RTA denies the allegations contained in Paragraph 109.

110. RTA lacks sufficient information as to the truth of the allegations in Paragraph 110; therefore, the allegations in Paragraph 110 are denied.

111. RTA denies the allegations contained in Paragraph 111.

112. RTA admits it holds decision-making authority over the Website and the Pixel. Except as admitted, denied.

*1. Defendant Implemented the Facebook Pixel on the Website*

113. RTA lacks sufficient information as to the truth of the allegations in Paragraph 113; therefore, the allegations in Paragraph 113 are denied.

114. RTA lacks sufficient information as to the truth of the allegations in Paragraph 114; therefore, the allegations in Paragraph 114 are denied.

115. RTA lacks sufficient information as to the truth of the allegations in Paragraph 115; therefore, the allegations in Paragraph 115 are denied.

116. RTA lacks sufficient information as to the truth of the allegations in Paragraph 116; therefore, the allegations in Paragraph 116 are denied.

117. RTA lacks sufficient information as to the truth of the allegations in Paragraph 117; therefore, the allegations in Paragraph 117 are denied.

118. RTA lacks sufficient information as to the truth of the allegations in Paragraph 118; therefore, the allegations in Paragraph 118 are denied.

*2. The Pixel as a Tracking Tool*

119. RTA lacks sufficient information as to the truth of the allegations in Paragraph 119; therefore, the allegations in Paragraph 119 are denied.

120. RTA lacks sufficient information as to the truth of the allegations in Paragraph 120; therefore, the allegations in Paragraph 120 are denied.

121. RTA denies the allegation contained in Paragraph 121.

122. RTA lacks sufficient information as to the truth of the allegations in Paragraph 122; therefore, the allegations in Paragraph 122 are denied.

123. RTA lacks sufficient information as to the truth of the allegations in Paragraph 123; therefore, the allegations in Paragraph 123 are denied.

124. RTA lacks sufficient information as to the truth of the allegations in Paragraph 124; therefore, the allegations in Paragraph 124 are denied.

125. RTA lacks sufficient information as to the truth of the allegations in Paragraph 125; therefore, the allegations in Paragraph 125 are denied.

126. RTA lacks sufficient information as to the truth of the allegations in Paragraph 126; therefore, the allegations in Paragraph 126 are denied.

127. RTA lacks sufficient information as to the truth of the allegations in Paragraph 127; therefore, the allegations in Paragraph 127 are denied.

128. RTA lacks sufficient information as to the truth of the allegations in Paragraph 128; therefore, the allegations in Paragraph 128 are denied.

129. RTA lacks sufficient information as to the truth of the allegations in Paragraph 129; therefore, the allegations in Paragraph 129 are denied.

130. RTA lacks sufficient information as to the truth of the allegations in Paragraph 130; therefore, the allegations in Paragraph 130 are denied.

131. RTA lacks sufficient information as to the truth of the allegations in Paragraph 131; therefore, the allegations in Paragraph 131 are denied.

132. RTA denies it disclosed information sufficient to permit an ordinary person to identify an individual visiting the Website. RTA lacks sufficient information as to the truth of the remaining allegations in Paragraph 132; therefore, the remaining allegations in Paragraph 132 are denied.

*3. The Pixel Shares Consumers' PII*

133. RTA lacks sufficient information as to the truth of the allegations in Paragraph 133; therefore, the allegations in Paragraph 133 are denied.

134. RTA lacks sufficient information as to the truth of the allegations in Paragraph 134; therefore, the allegations in Paragraph 134 are denied.

135. RTA lacks sufficient information as to the truth of the allegations in Paragraph 135; therefore, the allegations in Paragraph 135 are denied.

136. RTA lacks sufficient information as to the truth of the allegations in Paragraph 136; therefore, the allegations in Paragraph 136 are denied.

137. RTA denies the allegations contained in Paragraph 137.

138. RTA denies the allegations contained in Paragraph 138.

139. RTA denies the allegations contained in Paragraph 139.

140. RTA admits it owns and controls the Website. Except as admitted denied, including any implication RTA's ownership and control over the Website led RTA to expose visitors' personally identifiable information.

141. RTA admits it owns and controls the Website and thus had the power to implement the Pixel. Except as admitted, denied, including any implication RTA's ownership and control over the Website led RTA to transmit visitors' personally identifiable information

142. RTA denies the allegations contained in Paragraph 142.

143. RTA denies the allegations contained in Paragraph 143.

144. RTA denies the allegations contained in Paragraph 144.

*4. The Pixel Shares Consumers' Search Terms*

145. RTA denies the allegations contained in Paragraph 145.

146. RTA lacks sufficient information as to the truth of the allegations in Paragraph 146; therefore, the allegations in Paragraph 146 are denied.

147. RTA denies the allegations contained in Paragraph 147.

148. RTA admits the allegations contained in Paragraph 148.

149. RTA denies the allegations contained in Paragraph 149.

150. RTA denies the allegations contained in Paragraph 150.

151. RTA denies the allegations contained in Paragraph 151.

152. RTA denies the allegations contained in Paragraph 152.

*5. Defendant Was Told the Pixel Discloses Subscribers' Data; It Knew Precisely What the Pixel Would Collect and Share*

153. RTA lacks sufficient information as to the truth of the allegations in Paragraph 153; therefore, the allegations in Paragraph 153 are denied.

154. RTA admits the allegations contained in Paragraph 154.

155. RTA lacks sufficient information as to the truth of the allegations in Paragraph 155; therefore, the allegations in Paragraph 155 are denied.

156. RTA lacks sufficient information as to the truth of the allegations in Paragraph 156; therefore, the allegations in Paragraph 156 are denied.

157. RTA lacks sufficient information as to the truth of the allegations in Paragraph 157; therefore, the allegations in Paragraph 157 are denied.

158. RTA lacks sufficient information as to the truth of the allegations in Paragraph 158; therefore, the allegations in Paragraph 158 are denied.

159. RTA lacks sufficient information as to the truth of the allegations in Paragraph 159; therefore, the allegations in Paragraph 159 are denied.

160. RTA denies the allegations contained in Paragraph 160.

B. The Google Tracking Tools

161. RTA lacks sufficient information as to the truth of the allegations in Paragraph 161; therefore, the allegations in Paragraph 161 are denied.

*1. Google Ads*

162. RTA lacks sufficient information as to the truth of the allegations in Paragraph 162; therefore, the allegations in Paragraph 162 are denied.

163. RTA lacks sufficient information as to the truth of the allegations in Paragraph 163; therefore, the allegations in Paragraph 163 are denied.

164. RTA lacks sufficient information as to the truth of the allegations in Paragraph 164; therefore, the allegations in Paragraph 164 are denied

165. RTA lacks sufficient information as to the truth of the allegations in Paragraph 165; therefore, the allegations in Paragraph 165 are denied.

166. RTA lacks sufficient information as to the truth of the allegations in Paragraph 166; therefore, the allegations in Paragraph 166 are denied

167. RTA lacks sufficient information as to the truth of the allegations in Paragraph 167; therefore, the allegations in Paragraph 167 are denied.

168. RTA lacks sufficient information as to the truth of the allegations in Paragraph 168; therefore, the allegations in Paragraph 168 are denied

169. RTA lacks sufficient information as to the truth of the allegations in Paragraph 169; therefore, the allegations in Paragraph 169 are denied.

170. RTA lacks sufficient information as to the truth of the allegations in Paragraph 170; therefore, the allegations in Paragraph 170 are denied.

*2. Google Analytics*

171. RTA lacks sufficient information as to the truth of the allegations in Paragraph 171; therefore, the allegations in Paragraph 171 are denied.

172. RTA lacks sufficient information as to the truth of the allegations in Paragraph 172; therefore, the allegations in Paragraph 172 are denied.

173. RTA lacks sufficient information as to the truth of the allegations in Paragraph 173; therefore, the allegations in Paragraph 173 are denied.

174. RTA denies the allegations contained in Paragraph 174.

175. RTA denies the allegations contained in Paragraph 175.

IV. The Website Lacks Informed, Written Consent Pursuant to the VPPA

176. RTA denies the allegations contained in Paragraph 176.

177. RTA denies the allegations contained in Paragraph 177.

178. RTA denies the allegations contained in Paragraph 178.

V. Plaintiffs Did Not Consent to Defendants' Sharing of Plaintiffs' Search Terms

179. RTA denies the allegations contained in Paragraph 179.

180. RTA denies the allegations contained in Paragraph 180.

181. RTA denies the allegations contained in Paragraph 181.

182. RTA admits it agreed to Meta and Google's terms to use their respective tracking tools. RTA lacks sufficient information as to the truth of the allegations in Paragraph 182; therefore, the allegations in Paragraph 182 are denied, including any implication RTA's use of the respective tracking tools violated the VPPA, the Federal Wiretap Act, or WESCA.

183. RTA denies the allegations contained in Paragraph 183.

184. RTA denies the allegations contained in Paragraph 184

VI. Plaintiffs Have a Privacy Right in their Search Terms

185. RTA lacks sufficient information as to the truth of the allegations in Paragraph 185; therefore, the allegations in Paragraph 185 are denied.

186. RTA lacks sufficient information as to the truth of the allegations in Paragraph 186; therefore, the allegations in Paragraph 186 are denied.

187. RTA denies the allegations contained in Paragraph 187.

188. RTA lacks sufficient information as to the truth of the allegations in Paragraph 188; therefore, the allegations in Paragraph 188 are denied.

189. RTA lacks sufficient information as to the truth of the allegations in Paragraph 189; therefore, the allegations in Paragraph 189 are denied.

190. RTA admits visitors to the Website can search for video material using search terms. Except as admitted, denied.

191. RTA lacks sufficient information as to the truth of the allegations in Paragraph 191; therefore, the allegations in Paragraph 191 are denied.

192. RTA denies the allegations contained in Paragraph 192.

TOLLING

193. RTA denies the allegations contained in Paragraph 193.

194. RTA denies the allegations contained in Paragraph 194.

195. RTA denies the allegations contained in Paragraph 195.

196. RTA denies the allegations contained in Paragraph 196.

197. RTA denies the allegations contained in Paragraph 197.

198. RTA denies the allegations contained in Paragraph 198.

CLASS ACTION ALLEGATIONS

199. RTA admits Paragraph 199 purports to define the class in this action. Except as admitted, denied, including any implication RTA believes a class should be approved.

200. RTA admits Paragraph 200 purports to define the class in this action. Except as admitted, denied, including any implication RTA believes a class should be approved.

201. RTA admits Paragraph 201 purports to reserve the right to amend the class in this action. Except as admitted, denied, including any implication RTA believes a class should be approved.

202. RTA denies the allegations contained in Paragraph 202.

203. RTA denies the allegations contained in Paragraph 203.

204. RTA denies the allegations contained in Paragraph 204.

205. RTA lacks sufficient information as to the truth of the allegations in Paragraph 205; therefore, the allegations in Paragraph 205 are denied.

206. RTA denies the allegations contained in Paragraph 206.

207. RTA denies the allegations contained in Paragraph 207, including all subparts.

208. RTA admits the allegations contained in Paragraph 208.

209. RTA lacks sufficient information as to the truth of the allegations in Paragraph 209; therefore, the allegations in Paragraph 209 are denied.

210. RTA denies the allegations contained in Paragraph 210.

211. RTA denies the allegations contained in Paragraph 211.

212. RTA denies the allegations contained in Paragraph 212.

## CAUSES OF ACTION

## COUNT I

VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT
18 U.S.C. § 2710, et seq.
(On Behalf of Plaintiffs and the Class)

213. RTA reasserts and realleges all defenses, assertions, and denials contained in Paragraphs 1-212 as if stated herein.

214. RTA admits Wambold and Guptill purport to bring this count on behalf of themselves and members of the alleged class. Except as admitted, denied.

215. RTA asserts the allegations in Paragraph 215 purport to summarize the 18 U.S.C. § 2710(b)(1). To the extent the language in the statute is inconsistent with the representations in Paragraph 215, the allegations are denied.

216. RTA asserts the allegations in Paragraph 216 purport to summarize the 18 U.S.C. § 2710(a)(3). To the extent the language in the statute is inconsistent with the representations in Paragraph 216, the allegations are denied.

217. RTA asserts the allegations in Paragraph 217 purport to summarize the 18 U.S.C. § 2710(a)(4). To the extent the language in the statute is inconsistent with the representations in Paragraph 217, the allegations are denied.

218. RTA denies the allegations contained in Paragraph 218.

219. RTA admits the Website provides video content to visitors. Except as admitted, denied.

220. RTA admits the allegations contained in Paragraph 220.

221. RTA admits it provides subscription-based content on the Website. Except as admitted, denied.

222. RTA admits Wambold and Guptill are "consumers" as that term is defined by 18 U.S.C. 2710(a)(1). RTA lacks sufficient information as to the truth of the remaining allegations in Paragraph 222; therefore, the remaining allegations in Paragraph 222 are denied.

223. RTA admits Wambold and Guptill viewed videos on the Website. RTA lacks sufficient information as to the truth of the remaining allegations in Paragraph 223; therefore, the remaining allegations in Paragraph 223 are denied.

224. RTA denies the allegations contained in Paragraph 224.

225. RTA denies the allegations contained in Paragraph 225.

226. RTA denies the allegations contained in Paragraph 226.

227. RTA denies the allegations contained in Paragraph 227.

228. RTA denies the allegations contained in Paragraph 228.

229. RTA denies Plaintiffs or any alleged class members are entitled to the relief requested in Paragraph 229.

## COUNT II

VIOLATION OF THE FEDERAL WIRETAP ACT
18 U.S.C. § 2510, *et seq*.
(On Behalf of Plaintiffs and the Nationwide Class)

230. RTA reasserts and realleges all defenses, assertions, and denials contained in Paragraphs 1-229 as if stated herein.

231. RTA asserts the allegations in Paragraph 231 purport to summarize the Federal Wiretap Act. To the extent the language in these statutes is inconsistent with the representations in Paragraph 56, the allegations are denied.

232. RTA asserts the allegations in Paragraph 232 purport to summarize the 18 U.S.C. § 2520(a). To the extent the language in the statute is inconsistent with the representations in Paragraph 232, the allegations are denied.

233. RTA asserts the allegations in Paragraph 233 purport to summarize the 18 U.S.C. § 2510(4). To the extent the language in the statute is inconsistent with the representations in Paragraph 233, the allegations are denied.

234. RTA asserts the allegations in Paragraph 234 purport to summarize the 18 U.S.C. § 2510(8). To the extent the language in the statute is inconsistent with the representations in Paragraph 234, the allegations are denied.

235. RTA asserts the allegations in Paragraph 235 purport to summarize the 18 U.S.C. § 2510(6). To the extent the language in the statute is inconsistent with the representations in Paragraph 235, the allegations are denied.

236. RTA asserts the allegations in Paragraph 236 purport to summarize the 18 U.S.C. § 2510(12). To the extent the language in the statute is inconsistent with the representations in Paragraph 236, the allegations are denied.

237. RTA admits the allegations contained in Paragraph 237.

238. RTA admits the allegations contained in Paragraph 238.

239. RTA denies the allegations contained in Paragraph 239.

240. RTA denies the allegations contained in Paragraph 240.

241. RTA denies the allegations contained in Paragraph 241.

242. RTA denies the allegations contained in Paragraph 242.

243. RTA denies the allegations contained in Paragraph 243.

244. RTA denies the allegations contained in Paragraph 244.

245. RTA denies the allegations contained in Paragraph 245.

246. RTA denies the allegations contained in Paragraph 246.

247. RTA denies Plaintiffs or any alleged class members are entitled to the relief requested in Paragraph 247.

## COUNT III

### VIOLATION OF THE PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT ("WESCA")
### 18 Pa. C.S.A. § 5701, et seq.
### (On Behalf of Plaintiff Wambold and the Pennsylvania Subclass)

248. RTA reasserts and realleges all defenses, assertions, and denials contained in Paragraphs 1-247 as if stated herein.

249. RTA admits Wambold purports to bring this count on behalf of himself and members of the alleged class. Except as admitted, denied.

250. RTA denies the allegations contained in Paragraph 250.

251. RTA asserts the allegations in Paragraph 251 purport to summarize WESCA. To the extent the language in the statute is inconsistent with the representations in Paragraph 251, the allegations are denied.

252. RTA denies the allegations contained in Paragraph 252.

253. RTA denies the allegations contained in Paragraph 253.

254. RTA asserts the allegations in Paragraph 254 purport to summarize WESACA. To the extent the language in the statute is inconsistent with the representations in Paragraph 254, the allegations are denied.

255. RTA denies the allegations contained in Paragraph 255.

256. RTA denies the allegations contained Paragraph 256, including all subparts.

257. RTA denies the allegations contained in Paragraph 257.

258. RTA asserts the allegations in Paragraph 258 purport to summarize WESACA. To the extent the language in the statute is inconsistent with the representations in Paragraph 258, the allegations are denied.

259. RTA denies the allegations contained in Paragraphs 259.

260. RTA denies Plaintiffs or any alleged class members are entitled to the relief requested in Paragraph 260.

## COUNT IV

### INTRUSION UPON SECLUSION
(On Behalf of Plaintiffs and the Nationwide Class)

261. RTA reasserts and realleges all defenses, assertions, and denials contained in Paragraphs 1-260 as if stated herein.

262. RTA admits Wambold and Guptill purport to bring this count on behalf of themselves and members of the alleged class. Except as admitted, denied.

263. RTA denies the allegations contained in Paragraph 263.

264. RTA denies the allegations contained in Paragraph 264.

265. RTA denies the allegations contained in Paragraph 265.

266. RTA lacks sufficient information as to the truth of the allegations in Paragraph 266; therefore, the allegations in Paragraph 266 are denied.

267. RTA lacks sufficient information as to the truth of the allegations in Paragraph 267; therefore, the allegations in Paragraph 267 are denied.

268. RTA lacks sufficient information as to the truth of the allegations in Paragraph 268; therefore, the allegations in Paragraph 268 are denied.

Injunctive Relief of Defendant's Ongoing VPPA and Wiretap Violations

269. RTA denies the allegations contained in Paragraph 269.

270. RTA denies the allegations contained in Paragraph 270.

271. RTA denies the allegations contained in Paragraph 271.

272. RTA denies the allegations contained in Paragraph 272.

273. RTA denies the allegations contained in Paragraph 273.

274. RTA denies the allegations contained in Paragraph 274.

## PRAYER FOR RELIEF

RTA denies Plaintiffs ore any alleged class members are entitled to the relief sought in the paragraph of the Complaint beginning "WHEREFORE," including all subparts.

## SECOND DEFENSE
## (Rule 12(b)(6) Rule 12(f) and/or Rule 23(c)(1)(A))

Plaintiffs agreed to Terms of Service Agreement as a condition for subscribing to the Website or purchasing pay-per-view services. The Terms of Service Agreement contained an express waiver of their ability to assert class action relief against RTA. Consequently, Plaintiffs class action allegations and request for class certification cannot proceed and must be dismissed.

**THIRD DEFENSE**

The Class Action allegations contained within Plaintiffs' Complaint otherwise warrant dismissal due to their failure to meet the requirements for certification of a class action pursuant to Rule 23(c)(1)(a) of the Federal Rules of Civil Procedure.

**FOURTH DEFENSE**

Plaintiffs' claims should be dismissed to the extent that they are barred by the applicable statute of limitations, waiver, or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses should defenses be warranted based on the facts disclosed through discovery.

WHEREFORE, having fully answered the Complaint, RTA prays unto the Court as follows:

1. That the Complaint be dismissed;
2. That Plaintiffs takes nothing in this action from Defendant;
3. For a trial by jury for all issues of fact so triable;
4. That the costs of this action be taxed against Plaintiffs; and
5. For such other and further relief as the Court deems just and proper.

This the 10th day of October, 2025.

*[Signature page to follow]*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Spencer H. Hoisington*

______________________________________

Spencer H. Hoisington, N.C. Bar No. 43481
Chanda L. McClain, N.C. State Bar No. 56537
227 W. Trade St., Ste. 300
Charlotte, North Carolina 28202
Telephone: (704) 302-1289
Spencer.Hoisington@wilsonelser.com
Chanda.McClain@wilsonelser.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was electronically filed using the Court's electronic filing system which will electronically serve the following counsel of record:

David M. Wilkerson
Wilkerson Justus PLLC
PO Box 54
Asheville, NC 28802
dwilkerson@wilkersonjustus.com

Mark S. Reich
Levi & Korsinsky, LLP
33 Whitehall Street, Floor 17
New York, NY 10004
mreich@zlk.com

In addition, I served the following counsel, who have not yet appeared in this action, via electronic mail on the same day:

Gary S. Ishimoto
Alyssa Tolentino
Levi & Korsinsky, LLP
33 Whitehall Street, Floor 17
New York, NY 10004
gishimoto@zlk.com
atolentino@zlk.com

This the 10th day of October 2025.

*/s/ Spencer H. Hoisington*
______________________________
Spencer H. Hoisington